UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FALCON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JAQUELINE RATTO, an individual; FRANSISCO ALARCON, an individual; R.A., an individual; ABRIL ALARCON, an individual; JORDAN VALLEY MEDICAL CENTER, LP, a Delaware limited partnership; DOE ENTITIES 1-10; and DOE INDIVIDUALS 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION**<br>**(DOC. NO. 10)**<br><br>Case No. 2:24-cv-00663<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

In this interpleader action, Falcon Insurance Company moves for service by publication under 28 U.S.C. § 1655.[1]  Specifically, Falcon seeks to serve by publication any potential claimant defendants (known or unknown) who may have an interest in an insurance policy covering a vehicle involved in an accident in 2022.  As Falcon fails to demonstrate its request to serve by publication is statutorily permitted, the motion is denied.

---

[1] (Mot. for Serv. by Pub. (Mot.), Doc. No. 10.)

## BACKGROUND

Falcon brought this interpleader action, seeking a determination as to who is entitled to funds of an insurance policy it issued to Huber Flores Centeno.[2] The policy covered a 2005 Lincoln Aviator, which was involved in an accident on May 14, 2022, in South Salt Lake City, Utah.[3] According to Falcon's complaint, Mr. Centeno gave Kevin Velasquez permission to drive the vehicle that day.[4] Up to three passengers, whose identities are unknown, were in the vehicle with Mr. Velasquez.[5] The insured vehicle collided with another vehicle occupied by Jacqueline Ratto, Fransisco Alarcon, R.A. (a child), and Abril Alarcon.[6] These individuals later sued Mr. Velasquez in state court for their injuries.[7] Those proceedings have been stayed pending this interpleader action, in which Falcon names Ms. Ratto, Mr. Alarcon, R.A., and Ms. Alarcon as defendants.[8] Falcon also names Jordan Valley Medical Center, L.P., as a defendant, alleging the center has asserted a right to reimbursement of costs for treating Mr. Alarcon.[9] These

---

[2] (Compl. ¶¶ 15–19, Doc. No. 1.)

[3] (*Id.*)

[4] (*Id.* ¶ 16.)

[5] (*Id.* ¶ 17.)

[6] (*Id.* ¶ 18.)  Ms. Alarcon is identified as Abril Ascua in this portion of the complaint.

[7] (*Id.*)

[8] (*Id.* ¶¶ 2–5, 21.)

[9] (*Id.* ¶¶ 6, 26.)

defendants have purportedly been served.[10]  Mr. Centeno, Mr. Velasquez, and the unknown passengers in the insured vehicle have not been named as defendants.

By its current motion, Falcon seeks authorization to serve "known and unknown" potential claimant defendants by publication pursuant to 28 U.S.C. § 1655.[11]  According to Falcon, Mr. Centeno and Mr. Velasquez cannot be found.[12]  Falcon hired investigators to locate these individuals "and to search to determine the names and whereabouts of the unknown defendants"—the passengers in the insured vehicle.[13]  Falcon states those investigative efforts were "without success."[14]  According to Falcon, the passengers, "whose identities are unknown, are not amenable to personal service because, despite efforts to locate and identify them, their identities and whereabouts remain unknown."[15]  Accordingly, Falcon seeks authorization to effect service by publication in the Salt Lake Tribune once a week for six weeks "requiring any person claiming any interest" in Mr. Centeno's insurance policy covering the vehicle involved in the May 14, 2022 accident to respond within thirty days of publication.[16]  Because

---

[10] Falcon filed a waiver of service of summons for the named individual defendants. (Doc. No. 8.)  Falcon also filed an executed summons for Jordan Valley Medical Center, although the summons indicates "CT Corporation System" was served.  (Doc. No. 9.)

[11] (Mot. 1, 5, Doc. No. 10.)

[12] (*Id.* at 2.)

[13] (*Id.* at 2–3.)

[14] (*Id.* at 3 (citing Ex. A to Mot., Doc. No. 10-1).)

[15] (*Id.* at 4.)

[16] (*Id.* at 5.)

Falcon has not shown service by publication is statutorily authorized for potential "known and unknown" claimant defendants, the motion is denied.

## LEGAL STANDARDS

Federal interpleader is a "statutory remedy that offers 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"[17]  In turn, 28 U.S.C. § 1655 is a lien-enforcement statute.  It permits a court to order an "absent defendant" to appear by a certain day in cases involving a claim or lien on property located within the judicial district, where a defendant cannot be served within the state or does not voluntarily appear.[18]  The order must be "served on

---

[17] *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (quoting 7 Wright & Miller's Federal Practice & Procedure § 1704 (3d ed. 2001)).

[18] 28 U.S.C. § 1655 provides in full:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any.  Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.
>
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject

4

the absent defendants personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property."[19]  The court may authorize service by publication under this statute only if giving actual notice is "not practicable."[20]  If an absent defendant fails to appear or respond to service, whether made personally or by publication, "the court may proceed as if the absent defendant had been served with process in the State" and enter a default judgment.[21]

## DISCUSSION

The motion is denied because Falcon fails to show § 1655 permits service by publication on any unnamed "known or unknown" claimant defendants.  Falcon contends service by publication is permissible in interpleader actions where claimants cannot be found and serving them is impractical or would be futile.[22]  To be sure, many federal courts agree that where an interpleader action satisfies 28 U.S.C. § 1655's requirements, constructive service gives the court jurisdiction over defendants otherwise

---

of the action.  When a part of the property is within another district, but within the same state, such action may be brought in either district.

Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

[19] *Id.*

[20] *Bache Halsey Stuart Shields, Inc. v. Garmaise*, 519 F. Supp. 682, 686 (S.D.N.Y. 1981).

[21] 28 U.S.C. § 1655.

[22] (Mot. 4, Doc. No. 10.)

not amenable to personal service.[23] And Falcon appears to have satisfied § 1655's basic jurisdictional requirement by depositing the interpleader funds with the court.[24] However, Falcon improperly seeks to serve by publication any potential known or unknown claimant defendant.[25]

To start, Falcon's motion centers on the unknown passenger(s) who were in the insured vehicle during the accident. But § 1655 does not authorize service by publication on unknown, hypothetical defendants. Section 1655 permits constructive service on "absent defendants"—defined as those who "cannot be served within the State" or who do not "voluntarily appear."[26] But the statute says nothing about service on "unknown" parties. And Falcon does not present any cases in which courts authorized service by § 1655 publication on unknown parties (as opposed to identified parties whose whereabouts are unknown). Several courts have concluded § 1655 is not a proper vehicle for giving notice to persons whose existence is unknown.[27] This

---

[23] *See State Farm Life Ins. Co. v. Romero*, No. 23-CV-2323, 2024 U.S. Dist. LEXIS 30412, at *7 (D. Kan. Feb. 22, 2024) (unpublished); *Fidelity & Guar. Life Ins. Co. v. Freeman*, 94 F. Supp. 2d 689, 691–92 (D. Md. 2000); *United States v. Swan's Est.*, 441 F.2d 1082, 1085 (5th Cir. 1971).

[24] (Order Granting Mot. for Interpleader Deposit, Doc. No. 6.)

[25] (Mot. 1, 5, Doc. No. 10.)

[26] 28 U.S.C. § 1655.

[27] *See, e.g.*, *Spartan Motors Glob., Inc. v. Gimaex Holding, Inc.*, No. 21-81879-CIV, 2022 U.S. Dist. LEXIS 154707, at *6–8 (S.D. Fla. Jan. 27, 2022) (unpublished) (denying motion under § 1655 to serve "unknown potential claimants" by publication); *Sec'y of U.S. Dep't of Hous. and Urb. Dev. v. Est. of Key*, 394 F. Supp. 3d 311, 313 (E.D.N.Y. 2019) (denying § 1655 motion for service by publication of unknown heirs of deceased

6

approach is persuasive, where service by publication under § 1655 must be reasonably calculated to reach the individuals to whom notice must be given.[28]  Falcon's request to serve unknown potential claimants by publication does not meet this standard.

In addition, Falcon's request to serve potential "known" claimant defendants by publication does not satisfy § 1655.  The motion fails as to these unnamed individuals for the reasons explained above.  In short, Falcon does not identify the "known" claimants and has not named them as defendants.  To the extent Falcon intends to include Mr. Velasquez or Mr. Centeno as known potential claimants, Falcon must say so and name them as defendants.[29]  Further, Falcon's evidence is insufficient to show actual notice is impracticable, at least with respect to Mr. Velasquez.  Falcon asserts Mr. Velasquez cannot be found and efforts to locate him were unsuccessful.[30]  Yet Falcon's investigator located and spoke to Mr. Velasquez in West Valley City, Utah, in

---

mortgagor); *United States v. Chiccini*, No. 18-cv-15661, 2019 U.S. Dist. LEXIS 247816, at *7–8 (D.N.J. Dec. 13, 2019) (unpublished) (similar); *Sec'y of U.S. Dep't of Hous. and Urb. Dev. v. Est. of Fleming*, 2019 U.S. Dist. LEXIS 169567, at *7–9 (S.D.N.Y. Sept. 30, 2019) (unpublished) (similar).

[28] *See Fleming*, 2019 U.S. Dist. LEXIS 169567, at *9 (explaining § 1655 service by publication must be "reasonably calculated to reach the individuals to whom notice must be given" and if "the court does not know who or where those individuals are" it "cannot comfortably conclude" the notice by publication is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action").

[29] *See id.* (explaining "absent defendants" means defendants—"i.e., persons named as parties defendant"); *see also Key*, 394 F. Supp. 3d at 314 ("Section 1655 does not provide a means to serve unknown persons.  Those persons must first be identified, or a representative must be appointed to represent their interests.").

[30] (Mot. 2–3, Doc. No. 10.)

2022,[31] suggesting he is not an "absent defendant."[32]  For these reasons, the motion is denied.

## CONCLUSION

Because Falcon fails to show service by publication on any potential known and unknown claimant defendant is permitted under 28 U.S.C. § 1655, the motion[33] is denied without prejudice.

DATED this 21st day of August, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[31] (Ex. A to Mot., Doc. No. 10-1 at 4–5.)  Falcon's investigator was unable to locate Mr. Velazquez at the same address a year later.  (*Id.* at 2.)  But Falcon does not explain what efforts (if any) were made to find an updated address for him.

[32] 28 U.S.C. § 1655.

[33] (Doc. No. 10.)